Thank you, Your Honors, and may it please the Court. I'm Jonathan Sternberg and I represent the appellant, William Schlecht. This case, as Your Honors know, is about whether there was an enforceable settlement agreement between the parties. There wasn't, because the district court enforced a draft agreement that contained a new, essential term that my client flatly rejected, what in our briefs we've been calling the non-reliance clause, essentially that the parties didn't rely on the other's representations in coming to the agreement. The law of Missouri, which governs, is that when parties don't agree on an essential term, there's no settlement. Your Honors should reverse the district court's judgment and remand this case for further proceedings on my client's complaint. Now, the parties don't agree on a whole lot here, but they don't dispute the material record of what happened as to this settlement. There was a mediation that produced a term sheet, which is in the record. I would certainly disagree over whether there was any reliance about the negotiations that the other side's claims, they weren't even there. That's correct, Your Honor, but that, in this context, is not a material fact. In Missouri, and we cite a couple of cases about how Missouri courts. It's a material on some issues that you argue. So that would have been material on my client's claims that he made below about fraudulent misrepresentation and misrepresentation in general. Those are claims you want to make. Those are not the claims we're making on appeal, Your Honor. Those are the claims you want to make. Those are the claims he had – those are some of the claims he had wanted to make. You also say – you also seem to say that you can make those claims anyway, in which case this seems to be a harmless error appeal. So, no, Your Honor, for a couple of reasons. It's not harmless error, because in harmless error, that would have to be that there would be no change in the calculus. If this clause – No change in the what? Sorry. No change in the ultimate result. I'll put it that way. So, if this clause were to remain, if this clause, you know, remained, if the district court's judgment remained – Well, now, let's get back – you want to talk about the definition of harmless error, but I asked you – it seems to be you admit you've still got – or you assert you've still got the fraud claims. Yes, but – Is that right or wrong? That is correct, Your Honor, but that does not change – that does not make this into harmless – How do you – why aren't they barred by the release that was in the terms of the agreement you are advocating? So, my client's underlying fraudulent misrepresentation claims about the insurance contract that he had brought in his complaint, I agree those, if this survives, would be released. What I'm – what you're, I believe, talking about, Your Honor, are my client's claims that he was fraudulently induced into this settlement agreement. That would not be barred by a subsequent – in a subsequent action. However, that doesn't – How can he be induced at a – by someone who isn't at the negotiations? Well, that's not his claim, is that these people were at the negotiations. You're just mad because they won't answer your questions. No, Your Honor, I'm not. And this isn't our claim on appeal, but getting back to how this isn't harmless error, if this settlement agreement, the settlement draft, were to survive and my client were to bring a claim for fraudulent misrepresentation, the law of Missouri, as in the Maples case, which the other side in the district court relied on, would be that the fact he had this clause could be used as evidence against him. And that's why it still remains material. There seems a couple things going on here. First of all, we have an assertion that this was done on Zoom or some other media source, that both parties were in their own rooms and that they couldn't have made any misrepresentations about the nature of the policy, and there doesn't seem to be anybody controverting that fact. And so what you end up with is you have a person who's a lawyer and he's law trained, and he signs the settlement term sheet, and the settlement term sheet doesn't contain something that he claims is of fundamental importance, and that is that the policies are still in force. Now, I don't know any case in which we've allowed a lawyer to controvert that sort of a fundamental claim on a claim of fraud and the inducement anywhere under Missouri law or any law of any of the states in our circuit that I know of. And so my question really is, how does this survive given the fact that your client's law trained, that he's a lawyer, that he signs a term sheet that doesn't have what it seems to me that if I was in his position would be the single biggest thing is that this policy remains in force. And what that means, I think, is open to dispute because we have the insurance company say it's ethereal anyhow because it's all moot because at this point it was used to pay premiums and it's gone, and it was gone on the day that the settlement negotiation took place, and so the policy remained in force until expired by its terms, or it's a permanent policy as your client suggests, right? And that debate I see you could have, but you can only do it if you preserve it. And I'm saying, how can it possibly be that a lawyer signs a settlement sheet that doesn't complain what appears to be the heart of his claim? So that was, again, one of the claims he made below. I grant you that, Your Honor, that this was something he had wished was in the agreement, and he sends that letter that they put in the record where he says that. But the other thing he says in there, and this is what I think is key, is regardless of whether that language was there or not, he never agreed at any time that he wasn't relying on the defendant's misrepresentation – relying on the defendant's representations. That's what makes this material. At the beginning, Your Honor, Judge Loken asked me, the parties don't agree that they don't agree on what you just said, that they were in different rooms in the Zoom, and maybe, you know, he couldn't have heard, and whether that is a material fact that changes this. Under Missouri law, that's not a material fact, because it's the Sansone case from 2019, Mathis from 2014, two Missouri cases we cite about what constitutes an essential term. That's viewed only from three factors, the context of the agreement itself, the language in the agreement, and I think what's most important here is the party's subsequent conduct. I know it was under Iowa law, there's a case we cite – they cite in their brief and we cite in our reply brief called Schultz, which Judge Loken wrote, where the Court held that when one party insists on a clause and the other refuses, that clause is an essential term and there's no settlement. And I think that's important here, because if this was so unessential, and this is what the Court said in Schultz, and also the Missouri Court said in Emmerich, which is the Missouri Supreme Court in 1988, and Reppy in 2011, that's important, because if this clause was so – was just trivial, clerical boilerplate, I think is the word they use, why didn't they just say, okay, then we'll do without it, it doesn't matter? The point here isn't what my client wanted in the term sheet, or wanted in the ultimate agreement, it's this one clause that he couldn't agree to because it would – he said, I agree that part of the record is in dispute, but he said it's something that was untrue, that he did rely on the other's representations. Tell me again why you think that the – what I'll call the release clause in the term sheet memorandum does not cover – you made a distinction between the false inducement and the sort of underlying fraud. Why doesn't the fraud and inducement – why isn't that included in the release clause? So this would be a – so the underlying claim of fraud and the inducement, that is, you know, inducing him to abandon effectively the insurance policy, that was what was in his complaint. I agree that would be released. But what I'm talking about is a subsequent claim now, that he was – he relied on misrepresentations in coming to this agreement. And he signed the term sheet? Correct. Containing the release? Yes. That the release of the underlying claims, the release – No, no, you had underlying claim. It doesn't say that. Sure. So the actual release language is that it's claims against the defendants and their owners, insurers, et cetera, for many all claims, demands, contracts, et cetera, whether known or unknown. But under Missouri law – and this isn't something we got into in the briefing. I'm happy to give the Court subsequent authority if the Court wants. Under Missouri law, if in entering into this release you were fraudulently induced into it, you can still make that claim. So that's – otherwise people would be barred by documents they were fraudulently induced into. And that's clearly not Missouri law. So how does Missouri typically view the nonreliance clause? You know, the agreement was in the term sheet memorandum that the defendant's lawyer was going to set out the draft settlement and just add the standard contract language. What does Missouri say about this nonreliance clause? Isn't that standard contract language, or are there caveats to that assertion? Two answers to that, Your Honor. First, I think it minimizes what that language was in the term sheet to say that it was just to make standard contract terms. It said standard contract terms as to the terms in the settled – as to the material terms in the settlement agreement. That is just expanding them into, you know, how a settlement agreement looks. And my client didn't have other objections to other, you know, language in the settlement agreement. Did you argue all this to the district court? Mr. Schlicht, he did argue to the district court that this – that the nonreliance clause was essential, and he didn't agree on it. Yes, he did argue that to the district court. And what about what you're just asserting about Missouri law on what's the standard contract? So, the district court – I know you're making that up, I think. No, Your Honor, I'm not. First of all, I was trying to point out to Judge Kelley that it minimizes what the language of the term sheet is to say that we will insert standard contract language. It's standard contract language as to the terms. But to go on with your point, the defendants cited a case called Maples, and they cited again on appeal. They also have R.L.I. and Blankenship, which is from this Court. Under Missouri law, a nonreliance clause does have substantive meaning. And it's not, you know, just some – there's no case – they don't cite any case that holds that it's just standard boilerplate inherent in every contract, say, like the captions on a paragraph or something like that. You know, that's true of all boilerplate. I did a lot of contract drafting as a lawyer. Sure. And I looked up the history of what everyone says, oh, that's boilerplate. And they all have history, and they all have substantive meaning. That doesn't mean they aren't boilerplate. And the people that sign them don't – if they don't understand that, then they haven't done their homework. That's fair, Your Honor. But for a nonreliance clause, the specific meaning of a nonreliance clause is that while it doesn't bar some kind of subsequent litigation about this, it can be taken into account that a party affirmatively said, I did not rely on my opponent's representations. You never said that. If my – It's not a litigation. If my client had signed that, that was not in the term sheet. It's a separate provision that he did not agree to. And if he agreed to it – What's your Missouri case for this? Maples is the best case, which the other side cites, 1985 from the Missouri Court of Appeals. It doesn't hold that it's standard contract language or boilerplate, but it says it has a specific meaning and that while it doesn't bar a subsequent suit for fraudulent inducement into the settlement agreement, it can be taken into account if the person affirmatively agreed to that as a fact at that trial, in those subsequent proceedings, against the litigant. Now, if who relies – if you're talking about now defendant relies or the plaintiff? So if my – I can't follow your argument, frankly. Sorry, Your Honor. If my client sued the defendants to say he was fraudulently induced into the settlement agreement, under the Maples case, the fact that he agreed to this – the nonreliance clause could be used as evidence against him in that – in that claim. But if you blue pencil out that provision, then you enforce simply the term sheet, right? The term sheet ends up in the release of the claims and the nondisparagement clause. And aren't you in exactly the same position? Because any claim that's advanced – I mean, I keep coming back to this, that as a general rule, lawyers are held to a different standard when it comes to contract. And one of the standards that lawyers are historically held to is the idea that they do their own investigation of all facts and that they have a complete understanding of the legal representations in the document. All – both of which may be a myth, but that is kind of the standard that we've held people to. And I keep looking at this thing, and at the end, isn't it really all ethereally? You know, the case ends anyhow. You know, I mean, it seems like there's a big fight over this clause, which to me seems like, you know, an interesting fighting point, but in the end doesn't decide what's going to ultimately happen here. What I'd like to say is there's no meeting of the minds as a result of this. That's the problem. It's like Emmerich and Reppy. I would like to reserve at least a tiny bit of time for rebuttal. Thank you, Your Honors. May it please the Court, my name is Kevin Pruitt, and I'm here today on behalf of Defendant Northwestern Mutual Life Insurance Company. The defendants filed a joint response brief in this appeal, and so I'm also arguing on behalf of co-defendant Stanley Goldman. You're going to have to speak up for me. Sorry. This court should affirm the district court's dismissal with prejudice in enforcement of the settlement agreement, because the district court did not clearly err in finding that the parties entered into a settlement. This settlement was the product of the district court's early mediation program. It was conducted by the program's director. It was a virtual mediation. It was conducted by Zoom. Other than introduce ourselves to the group at the mediation's beginning, we all spent the rest of the mediation in separate rooms and did not interact at all substantively. I say that to make the point that the fraud claim that is being asserted here was impossible. Well, why couldn't one party have relayed information to the mediator and then the mediator goes back and tells the other party? It's not necessarily impossible, is it? Well, I have no idea what the mediator said to- Well, of course. I mean, and that's the kind of the point that we don't know what's happened in terms of, at least as a factual matter on that allegation, we just don't know. Well, I understand that, but there was also no evidence suggesting that the mediator said something to the plaintiff that came from the defense counsel that constituted the alleged fraud here. It's my understanding that the fraud was the product of a motion to dismiss that had been filed prior to the mediation, and it is a dispute about policy interpretation, which would be a legal interpretation anyways and would not be a material fact representation. There was no factual hearing because of Mr. Schlecht's difficulties arriving at the hearing, right? That's correct? Mr. Schlecht did not appear for the hearing. That is correct. And after that, did he at any time produce an affidavit or a statement of what evidence he would have intended to produce or enter into the record at that evidentiary hearing? Yes, there were a number of filings by Mr. Schlecht following the settlement and even after the court's order enforcing the settlement prior to dismissal, including his motion for rehearing where he attached a number of exhibits. Indeed. And in any of them, did he specifically identify who the person was that made this statement, what exactly was said, and when and where it was said? Many of his filings allude to myself as being the one giving the misrepresentations. I don't know what the misrepresentation is, and I don't know when the alleged misrepresentation was allegedly made. And so they weren't identified? When you say, I don't know, maybe you didn't read the filings. No, no, Your Honor. They were not identified. See, and that was when I looked at the record. There seemed to be general allegations of something that was said, but the specific words and time and place were never set forth by a man who was a lawyer asserting a claim on his own behalf. I agree with that. That is a correct review of the record. And so at this point, it's all speculative as to what that evidence would be because nobody's bothered to actually flesh it out in a way that we could say, you know, maybe there's clear error, maybe something should have been looked at and, you know, it should at least go back for an evidentiary hearing. I agree with that, and I will also add that the Court did rule on this argument about fraud and the plaintiff has not appealed it. And therefore, he has not preserved the merits of the fraud claim on this appeal. Give me a record citation for the ruling. The ruling is in the order enforcing the settlement agreement because that order addressed Mr. Schlecht's motion to vacate the term sheet in which Mr. Schlecht alleged fraudulent misrepresentation, and the district court rejected that. That wasn't fraudulent inducement claim. That was the original fraud. There was not a fraud claim other than the fraudulent inducement claim. Well, he's been talking about it all through this phase of the endless, tedious dispute. Correct. The claim in the petition or the complaint was about an alleged failure to reinstate the policy. It was not presented in the pleadings as a fraud claim. He then added a MMPA claim because he was challenging the way the insurance company handled his policy with respect to this issue of reinstatement, but that was not an affirmative fraud claim. The material misrepresentations that he's talking about in his motions filed with respect to the settlement is the only fraud claim that he asserted below, and it was this alleged fraud with respect to what he was relying on that he claims when he entered into the settlement term sheet. My point is he didn't challenge the court's ruling in that regard, and he hasn't preserved it for this appeal. And my concern, the reason why I mention it is based on page 22 of the reply brief where plaintiff indicates an intent that if the court is affirmed that he is going to file another lawsuit alleging fraudulent inducement. And I stress the point here that he raised that argument to the district court. He didn't appeal it, and therefore he has waived that argument. With respect to the term sheet, I want to make sure I address some of the substance of what was discussed by opposing counsel. This term sheet was drafted and signed at the conclusion of the mediation facilitated by the mediator who was the director of the mediation program. The term sheet provided that defense counsel was going to draft a settlement agreement that would, in accordance with standard contractual terms, this non-reliance provision is a standard contractual term. We see that in the Maples case. You can say that, but I don't believe there's been a trial on that question. I don't believe we've had insurance underwriter ISO come in and testify with regard to that and how its language might differ from time to time and what it covers and doesn't cover. You're both just throwing out these general things like this. Everybody knows this. When it's controversial, it's all get out. Well, I'm referring to it as a standard contractual term in the context of a settlement agreement. Where in the record do I go to find out that this is whose standard term? Are we talking about your insurance company or are we talking about its clients? Sure, Your Honor. And the way I would answer that question is when we're talking about enforcing a settlement agreement, the court, as Mr. Schoenberg identified, looks at the party's conduct, the agreement, the context, but the case law also says the court applies common sense and experience. And certainly in my experience, this is a standard contractual term. Is there ISO evidence in the record that would support the notion this is standard in this terminology? There's nothing in it. There was no evidence. Of course. I mean, you know, everybody's just throwing around, well, this is the way it works and this is what the law says on stuff that you could litigate until the cows came home. Well, and there's other reasons why I think you can read from the context here that this would be a standard term. One, it's Who's got the burden of proof on this essential element? The defendants who were moving to enforce a settlement agreement would have the burden of proving a clear evidence that there was a settlement agreement to enforce. No, no. I mean, who's got the burden of proof on essential? On the essential terms of an agreement? Yes. I believe that belonged to the defendants here because we are the ones proving that there was a settlement agreement. Whoever's advocating the enforcement of the settlement bears the burden of proving the essential terms, right? Yes. Now, what's interesting, if you look at the first opinion that Judge Boo wrote, you know, he, what he said is that the term agreement is enforceable. And what he said about the fraud and the inducement is really only in one sentence. And as I recall that sentence, it was just something like the plaintiff's characterizations of the misrepresentations are such that they are immaterial to the terms of the settlement agreement. That's it, you know. And so we're having this big fight about this particular non-reliance clause. And it appears as though the judge is already saying that the non-reliance is immaterial. I'm going to enforce the terms of the settlement. And why did he not just enforce the terms of the settlement and not include this non-reliance clause? I mean, at the end, there's the self-representation provision and the self-reliance provision in the term sheet. There's the five specified terms, including the non-disparagement clause, all of which would be such that it seems that they'd be subject to a dismissal if he attempted to do this fraud in the inducement claim anyhow. In light of the fact, and that would be a strong argument, in light of the fact that Judge Booz already said that whatever those things are, they're immaterial, right? And so I'm just trying to figure out, why was he enforcing this term that just seems to me to just add a whole new layer of problems and doesn't really solve anything? Well, the term sheet directed the parties to execute a formal settlement agreement. And so that was the reason when we moved to enforce. The court entered an order finding that the parties had agreed to a settlement, as evidenced by the term sheet, and was going to enforce the settlement agreement and directed the parties to fulfill their obligations, which would be to send a payment and execute the settlement agreement. Mr. Schlecht wouldn't sign the settlement agreement. At that point, we had to make a decision as to how we were going to try to bring this to finality. We didn't want to mess around with seeking orders of contempt or trying to coerce Mr. Schlecht to do anything. We thought the reasonable solution was to just ask the court to enter an order of dismissal incorporating the terms of the draft settlement agreement. And I agree, the no reliance provision at this point, it doesn't mean anything anymore because he's already brought the fraud claim and it's been denied by the district court and he hasn't appealed it. And so it really is a moot point. But I do want to make sure it's clear from my argument that this no reliance provision is consistent with the rest of the draft of the settlement agreement to which Mr. Schlecht did not object, including the very next provision in that settlement agreement provides that the parties are assuming the risk that the facts and law are different than as they believe. He didn't object to that provision. And so it made perfect sense to enforce the non reliance provision in the context of this already prepared draft because it was consistent with that. It was consistent with the release in the term sheet, which said the parties were releasing and settling disputed claims. Do you agree, posing counsel, that Maples and governing law permits a party that signs a settlement agreement with a broad release provision does not foreclose a later claim of fraudulent inducement to sign the agreement? There is a vein of case law that discusses... There is what? There is a vein of case law. A vein? A series of cases. Where? I mean, you mean in Missouri? Yes. I believe there is Missouri case law that discusses that a general non reliance provision might not prevent a fraudulent inducement claim. But here, Mr. Schlecht brought the fraudulent inducement claim to the district court, the district court denied it, and he hasn't appealed that decision. And so... Can you point me to the exact language you're talking about? You've said that a few times that you think the district court ruled on that. What language are you relying on? It's, for example, it's Mr. Schlecht's... I just mean in the district court's order. Because I do believe there's a disagreement here on what... Putting aside any merits, but whether or not Mr. Schlecht has still the opportunity to file or to seek the fraudulent inducement claim as to the agreement. It's in the order, which is in the addendum. The five page order? Yes. The five page order from April 23rd, and I'm looking specifically at the language. It's at the bottom of page four, which would be A5 in the addendum, furthers plaintiff's additional contention to misrepresentation do not appear to be material to the settlement agreement. But that's just, I mean, maybe I'm repeating what Judge Erickson was referring to, but that just seems to be a statement as to whether it's relevant to what the issue is that was brought to the district court on enforcement of the settlement agreement. That doesn't refer to the line of cases you cited in response to my question regarding the preservation of a fraud in the inducement claim. Well, the... This responds to the initial fraud. No. This is about the fraud alleged in the motion to vacate the term sheet, which the court is ruling on in this order. The court is ruling on the motion to vacate the term sheet as well as the motion to enforce the settlement. All right. And the motion to vacate the term sheet... I think, I just don't agree with your interpretation. Well, and so just to conclude that, the motion to vacate term sheet was about the alleged material misrepresentations with respect to the settlement. Not in the inducement of the settlement. Yes. That's why he was moving to vacate the term sheet. He was alleging that he was relying on material misrepresentations from defense counsel in entering into the settlement. That's what he was trying to vacate. And the court was ruling on that motion in this order, and the court's ruling was that those... Did the district court have before it the line of cases you just referred to in answering my question? The Maple case, we had... You said there's a line of cases. Well, the Maples case is what I'm talking about. That's not a line. Well, the Maples case, I believe, refers to other case law. And we had brought the Maples case to the court's attention. I'm sorry. I see I'm out of time. If I could just conclude this. The Maples court, we brought to the court's attention because the Maples court talks about the fact that these non-reliance clauses are basically boilerplate under Missouri law. And the court was allowing, in that case, a fraudulent inducement theory despite this non-reliance language. We cited it for explaining to the court that this was a standard contractual term. Judge Olken, may I ask a question?  The sentence that is in the five-page order at the end of page four at the beginning, which just simply says, further the plaintiff's additional contentions of misrepresentation do not appear to be material to the settlement agreement. How could a claim of fraud in the inducement not be material to a settlement agreement? A claim of fraud in the inducement can be material to the settlement. The problem is the alleged misrepresentations that Mr. Schlecht was alleging had nothing to do with the parties forming this term sheet. Because what he was claiming he was relying on as misrepresentation was the party's dispute about the policy interpretation. And so we were settling this. When you say that, how do we know that? That's not what he's arguing today to this court. The motion to vacate the term sheet, that's what Mr. Schlecht was arguing. He was arguing that we misrepresented to him that his policy was still in force when we had been telling him for years that it hadn't been. And he was saying that that was what he was relying on was this, that we had changed our position and now we were telling him it wasn't in force and that he'd be silly to bring a lawsuit when he didn't have a policy in force. And so that was the misrepresentations he was talking about. And those were not material to the settlement because the parties under the term sheet were settling disputed claims. Are there no other questions? So if the alleged misrepresentations, which you say were never clearly articulated, were that you won't tell me if the policy, whether the policy still survives, if that's all we're talking about, that was not material to the, to the, what he signed. Is that what you're saying? No, that's not what I'm saying. What I'm saying is he argued in his motion to vacate the term sheet that Northwestern Mutual had taken the position that his policy had expired throughout, up until the settlement. He claims that at some point in the settlement context that someone said to him that the policy was still active and that he, and that we had changed our position. That's what he was arguing in the motion to vacate term sheet is that we had changed our position at the time. I want to hear how that's material. I want to hear if opposing counsel agrees with that and if so, how in the world, how in the heck it can become material to the, to whether he's, okay. Thank you. Thank you. Is that what you meant by meeting, no meeting of the minds? No, Your Honor. That's not what I meant by no meeting of the minds. Let's stay, let's stay where we are then, where I am. Sure. Yeah, because I, I have very little time. All of that discussion about what, what, what was said or not said at the mediation is a red herring here because under Missouri law, a red herring, it's immaterial. It is immaterial here. Well, it certainly didn't read like that in your brief. Let's, now let's stay with what, what, what are, what is material? Sure. What's material here is that the other side, Judge Erickson had asked, had asked my opponent, why did Judge Booe enforce the settlement term sheet, sorry, the settlement agreement, the drafts? Answer where I was with opposing counsel, please, then we can go to the prior question. Yes, Your Honor, I, I, I was, I was getting to that. What is material here? Well, you're not going to do it in time. I apologize, Your Honor, may I answer your question? Yes, but we are just spinning wheels here. May I answer your question? Yes. Okay. What is material is the non-reliance clause. My client, the other side insisted on the non-reliance clause. I don't know, but it's why, why is what was, is, was, is this question about is the, does the, do you think the policy survives or not? Was that the basis for him not signing the, the settlement agreement? The basis for him not signing is that. Yes or no? No, Your Honor. The basis for him not signing was he could not agree that he did not rely on the defendant's representations. And we, we can't figure out what, what the non-reliance was because it's not in the record. My opposing counsel did correctly state my client's basic allegation, I agree it is not fleshed out by my client well enough when he was pro se, that at the mediation, they represented that the, the insurance policy was. And who was they and how do they represent it in a Zoom, in a Zoom discussion? I agree that there is insufficient discussion of that, which is why this was not really a well pleaded. How about insufficient evidence? The claim here instead is about the essential term of the agreement. And when, in Missouri, when there's no mirror image, there's no meaning of the word. Thank you, Your Honors. Thank you, Counsel. The case is very confusing and I'll have to reflect on whether argument is how much it's cleared it up. But in any event, we'll take it under advisory.